FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 26 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK,

          *Plaintiff*,

-against-

THE CBE GROUP, INC.,

          *Defendant*.

Civil Action No.: _____

**COMPLAINT**

CV11 - 2023

MAUSKOPF, J.

MANN, M.J.

## INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff seeks statutory damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff, Todd C. Bank ("Bank"), is, and was at all relevant times herein, a resident of this District.

5. Defendant, The CBE Group, Inc. ("CBE"), is, and was at all relevant times herein, a corporation organized and existing under the laws of Iowa, and maintains its principal executive office at 131 Tower Park Drive, Suite 100, Waterloo, Iowa, 50701.

## FACTS

6. Defendant is, and was at all relevant times herein, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

7. On or about January 6, 2011, CBE placed a telephone call to Bank.

8. Although Bank's answering device was operational, CBE did not leave a message.

9. On or about January 10, 2011, CBE placed a telephone call to Bank.

10. When Bank answered his telephone, CBE played a prerecorded message requesting Bank to hold on.

11. Approximately two minutes later, CBE disconnected the telephone line.

12. On or about January 18, 2011, CBE placed a telephone call to Bank.

13. Although Bank's answering device was operational, CBE did not leave a message.

14. On or about February 17, 2011, CBE placed a telephone call to Bank.

15. Although Bank's answering device was operational, CBE did not leave a message.

16. On or about February 21, 2011, CBE placed a telephone call to Bank.

17. Although Bank's answering device was operational, CBE did not leave a message.

18. Each of CBE's calls to Bank concerned a "debt" as defined by 15 U.S.C. § 1692a(5).

19. In each of CBE's calls, Caller ID information appeared on Plaintiff's telephone with the name "The CBE Group" and the telephone number 319-242-7353.

20. Each call that CBE made to Bank constituted a "communication" as defined by 15 U.S.C. 1692a(2).

21. Each of CBE's calls were made in connection with the collection of a debt.

22. Upon information and belief, CBE had called the wrong number in each of he aforementioned instances.

23. Upon information and belief, no one had given prior consent directly to CBE to communicate with Bank.

24. Upon information and belief, CBE had not obtained, from a court of competent jurisdiction, the express permission to call Bank.

25. Upon information and belief, CBE's calls to Bank were not reasonably necessary to effectuate a post-judgment judicial remedy.

26. At no time did CBE represent that it was confirming or correcting location information concerning a consumer.

27. CBE never provided meaningful disclosure of CBE's identity.

28. CBE never stated that CBE was attempting to collect a debt and that any information obtained would be used for that purpose.

29. CBE never stated that CBE is a debt collector.

30. To the least sophisticated consumer, the natural consequence of the receipt of CBE's calls would have been to feel harassed, oppressed, or abused.

### COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(b)

31. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. Each of CBE's calls violated 15 U.S.C. § 1692c(b).

33. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

### COUNT II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d

34. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Each of CBE's telephone calls to Bank violated 15 U.S.C. § 1692d.

36. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

### COUNT III

37. Bank repeats and realleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

38. Each of CBE's calls violated 15 U.S.C. § 1692d(6).

39. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT IV

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(11)

40. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Each of CBE's calls violated 15 U.S.C. § 1692e(11).

42. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b) Costs, disbursements, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: April 17, 2010

Yours, etc.,

ALBERT RUDGAYZER
305 Broadway
Suite 501
New York, New York 10007
(212) 260-5650
AR-4335

Counsel to Plaintiff